Defendant Jessica B. Campbell appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, overruling her motion for treatment in lieu of conviction. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 ON REMAND, THE TRIAL COURT ERRED IN DENYING APPELLANT TREATMENT IN LIEU OF CONVICTION WITHOUT A HEARING.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN USING APPELLANT'S SILENCE AT TRIAL AS A FACTOR TO DENY TREATMENT IN LIEU OF CONVICTION.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING APPELLANT TREATMENT IN LIEU OF CONVICTION BASED ON HER DECISION TO VOLUNTARILY SEEK TREATMENT PRIOR TO TRIAL.
The record indicates appellant was indicted in June, 1996, for ten counts of theft of drugs in violation of R.C. 2913.02. On August 16, 1996, the court set a hearing date upon defendant's motion for treatment in lieu of conviction. The court's judgment entry states the motion was filed on August 14, 1996, although no written motion is in the record to that effect. The court held an evidentiary hearing on November 1, 1996, to determine if appellant met the conditions for treatment in lieu of conviction as stated in R.C. 2951.041. The court overruled the motion on January 21, 1997, and sentenced appellant on August 25, 1997 to a suspended sentence of one year in the Ohio Reformatory for Women and placed her on three years probation. Upon appeal, this court held the court did not review all the factors set forth in R.C. 2951.041 when it overruled appellant's motion for treatment in lieu of conviction. See State v. Campbell (July 1, 1998), Muskingum Appellate No. CT970040, unreported.
Upon remand, the trial court made findings of fact and conclusions of law again overruling appellant's motion for treatment in lieu of conviction, on September 4, 1998. From that entry appellant again appeals.
The court's findings of fact state at the time of the offense the appellant was a drug dependant person. She underwent treatment at Shepard Hill Hospital in Newark, Ohio, under the direction of Dr. Karaffa. The court found appellant successfully completed the treatment program on May 10, 1996, and at the time of the hearing, had completed nearly six months of aftercare. Dr. Karaffa testified at the hearing appellant was no longer a drug dependent person, but he believed she was in danger of becoming one again based on a genetic factor. Dr. Karaffa testified if the court would grant treatment in lieu of conviction he would recommend no further treatment to the court, other than what had already been done or was being done. The doctor advised the court appellant would always be in danger of relapse because of her genetic factors.
From these facts the court found rehabilitation through treatment would not substantially reduce the likelihood of additional criminal activity because appellant had already undergone treatment. The court also noted further treatment was not required because, according to her treating physician she was no longer impaired. The court concluded it could do nothing more for her to reduce the likelihood of further criminal activity, and thus she was not an appropriate candidate for treatment in lieu of conviction.
 I, II and III
We will address all three assignments of error for purposes of clarity because they are so interrelated.
R.C. 2951.041 provides in pertinent part:
 (A) If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependant person or is in danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea.
 (B) an offender who requests treatment in lieu of conviction under division (A) of this section is eligible for that treatment if the court finds that:
 (1) the offender's drug dependence or danger of drug dependence was a factor leading to the criminal activity with which the offender is charged, and rehabilitation through treatment would substantially reduce the likelihood of additional criminal activity.
 (2) the offender has been accepted into a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by the department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the veterans administration or other agency of the federal government, private care or treatment rendered by a physician or a psychologist licensed in the state or other appropriate drug treatment facility or program.
 (3) If the offender is convicted of a misdemeanor, the offender would be eligible for probation under section 2951.02 of the revised Code, except that a finding of any of the criteria listed in division (D) of that section shall cause the offender to be conclusively ineligible for treatment in lieu of conviction. If the offender is convicted of a felony, the offender would be eligible for a community control sanction.
 (4) The offender is not a repeat offender or dangerous offender, as defined in section 2935.36
of the Revised Code;
 (5) The offender is not charged with a violation of section 2925.02, 2925.03, 2925.04, or 2925.11
of the Revised Code that is not a minor drug possession offense, as defined in section 2925.01
of the Revised Code.
We note at the outset this court remanded the matter to the trial court with instructions to consider the factors contained in the statute at issue. We did not direct the court to conduct a new hearing, and the court obviously did not feel a new hearing was necessary to refresh its recollection of the facts and circumstances of this case. We defer to the court's judgment in that regard.
Regarding appellant's contention the court erred in overruling her motion on the basis that she did not testify in her own behalf, this court commented on the matter in our original opinion, and noted whether or not the offender testified at the hearing is not a factor listed in the statute. The trial court did not include this fact in its findings of fact and conclusions of law, and we presume the court no longer relied upon that fact as a basis for its decision.
The real issue here is whether the court erred in overruling the motion for treatment in lieu of conviction, based upon Dr. Karaffa's testimony there was nothing the court could order that had not already been done or was in the process of being done. The court concluded the evidence presented at the hearing failed to show any order by the court for rehabilitation would substantially reduce the likelihood of additional criminal activity.
Both appellant and appellee suggest our standard of review is the abuse of discretion standard. Other courts of appeal have applied that standard in reviewing similar requests, seeState v. Gadd (1990), 66 Ohio App.3d 278; State v. Smith
(August 13, 1998), Cuyahoga Appellate No. 73280, unreported;State v. Thomas (June 28, 1989), Washington Appellate No. 88CA22 and 88 CA29, unreported. Further, the statute provides if a trial court finds an offender eligible for treatment in lieu of conviction, it may stay the criminal proceedings and order the offender to complete a period of rehabilitation. The use of the discretionary word "may" in the statute leads us to conclude the abuse of discretion standard is the appropriate standard here.
The Ohio Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is ". . . unreasonable, arbitrary or unconscionable. . ." See e.g.,State v. Adams (1980), 62 Ohio St.2d 151 at 157.
In its conclusions of law, the trial court found because appellant had already completed her rehabilitation successfully, the court would be obliged to dismiss the charges against her if it chose treatment rather than conviction. This in effect penalizes appellant for participating in the drug treatment program on a voluntary basis prior to being ordered to it by a court. This court is extremely reluctant to make any finding which would discourage persons with chemical abuse problems from seeking treatment as promptly as possible.
R.C. 2151.041 (F) sets forth the standard for a court to apply in determining whether an offender has successfully completed treatment and is rehabilitated. The factors include a report from the facility the offender has failed treatment, has failed to submit to treatment, or is a discipline problem; if the offender does not successfully complete the period of rehabilitation or other conditions ordered by the court; or if the offender violates the conditions of the period of rehabilitation. None of these factors apply to appellant, and the trial court in fact found appellant had successfully completed the treatment program.
Our review of the record before us indicates all of the factors articulated in R.C. 2951.041 are favorable to appellant's eligibility in lieu of conviction. We conclude the trial court abused its discretion in overruling her motion for treatment in lieu of conviction. Accordingly, the third assignment of error is sustained, and the first and second assignments of error are overruled.
We remand the matter to trial court with instructions to order appellant into treatment in lieu of conviction, including whatever period rehabilitation the judge deems appropriate pursuant to R.C. 2951.041(D). We note the court may also elect to impose other conditions it finds necessary to the particular circumstances presented in this case. Contrary to the court's finding, it is not required to dismiss this action upon a finding appellant is eligible for treatment in lieu of conviction. The statute provides appellant's period of rehabilitation may be a maximum of three years.
By Gwin, J., Wise, P.J., and Reader V.J., concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with opinion. Costs to appellant.
-----------------------
-----------------------
 ----------------------- JUDGES